

RECEIVED

JUN 27 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DEXTER CELESTINE | CIVIL ACTION NO: 14-172 |
| VERSUS | JUDGE DONALD E. WALTER |
| PNK (LAKE CHARLES), LLC D/B/A L'AUBERGE DU LAC | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendant PNK (Lake Charles), LLC D/B/A L'Auberge Du Lac ("L'Auberge" or the "casino"). [Doc. 10]. The motion asserts that this Court should dismiss Plaintiff's claims because the evidence establishes that Plaintiff was not injured as he alleges. Having considered the motion, the response letters, the record, and the applicable law, this Court concludes that Plaintiff's claims are without merit and the motion for summary judgment is therefore **GRANTED**. All of Plaintiff's claims are **DISMISSED WITH PREJUDICE** and this case is dismissed in its entirety.

## I. BACKGROUND

This case arises from alleged injuries suffered by Plaintiff Dexter Celestine while playing a slot machine at the L'Auberge Casino in Lake Charles, Louisiana. On January 27, 2012, Plaintiff alleges that the door of a slot machine fell open and struck his left leg and left arm, resulting in a cracked bone in his left elbow.[1] The crux of Plaintiff's complaint is that the casino negligently caused the incident by providing a defective slot machine for patrons. Plaintiff later specified in

---

[1] Doc. 1, Attach. 1 (Plaintiff's Petition).

1

handwritten letters that he claims 989 zillion dollars in damages but later suggests that the sum may actually be closer to 989 trillion dollars.[2]

L'Auberge now seeks summary relief on the ground that Plaintiff has produced no evidence establishing the casino's liability. In support of its motion for summary judgment, L'Auberge has submitted video surveillance of the entire time that Plaintiff was sitting in front of and playing the slot machine at the casino.[3] The casino has also produced an affidavit from Darrin Hoke, the casino's director of surveillance, who attests that the video surveillance submitted with his affidavit included all activity recorded from the described cameras during the period relevant to the incident.[4] Mr. Hoke also notes that the video surveillance equipment was in good working order at the time of the incident. Most notably, at no point did the slot machine door fall and hit the Plaintiff on the left arm as he has claimed. In fact, the surveillance video shows the Plaintiff holding a beverage glass in his left hand and sipping from the glass at the time the slot machine door opens and the Plaintiff continues to sip from his beverage immediately after the time the slot machine door opens. Further, video footage shows Plaintiff select another slot machine about half an hour after the alleged incident and begin to play it. At no time does the Plaintiff appear to be in any type of pain or discomfort. Plaintiff did not file written opposition to this motion but he did file several handwritten letters.

## II. LAW AND ANALYSIS

### A. Standard of Law

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure

---

[2] Docs. 14-18 (Plaintiff's handwritten letters to the Court).

[3] Doc. 10-2.

[4] *Id.*

when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56; *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir.2010). When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond the opposing party's pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir.2005).

**B. Plaintiff's Claims Are Without Merit**

Under Louisiana law, when an individual is injured by a thing's condition, he can recover damages relying on either La.Civ.Code art. 2315, which is the basis of general negligence liability, or La.Civ.Code art. 2317, which provides for a strict liability theory of recovery. It is axiomatic that recovery under these articles requires that the incident alleged must have actually occurred and that damage resulted. Further, under either liability theory, the plaintiff has the burden of proving that the thing's condition was a cause-in-fact of the plaintiff's injuries. *See Fontenot v. Patterson Ins.*, 2009-0669 (La. 10/20/09), 23 So. 3d 259, 267-68. In the present matter, there is simply no genuine issue of fact for trial as to whether Plaintiff was in fact injured at the slot machine. The casino

3

submits overwhelming summary judgment evidence which establishes that Plaintiff was not injured or damaged as he claims. Even considering all of the evidence in a light most favorable to the Plaintiff, there is absolutely no evidence that would enable a reasonable jury to find that the casino is liable under any legal theory.

This Court is highly persuaded by the video evidence which shows that the casino is not liable for the alleged wrong. The uncontradicted video surveillance clearly establishes that no accident or injury that forms the basis of this suit occurred. The Fifth Circuit has held that even though courts are to review evidence in the light most favorable to the nonmoving party, greater weight should be given at the summary judgment stage to the facts evident from video recordings taken at the scene. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Scott v. Harris*, 550 U.S. 372 (2007). The Fifth Circuit has also noted that a court need not rely on a party's description of the facts when video evidence discredits the description. *Carnaby*, 636 F.3d at 187. Here, the video surveillance completely undermines Plaintiff's version of events at the casino during the time of the alleged incident. The affidavit from Mr. Hoke, the casino's director of surveillance, confirms that the video footage included all activity recorded from the described cameras during the period relevant to the incident. This Court also notes that Plaintiff's description and testimony of the incident is at complete odds with the surveillance video of the incident.

Ultimately, Plaintiff's self-serving deposition testimony alone, without further corroboration, is not sufficient to create a genuine issue of material fact for trial and defeat a summary judgment motion. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir.2004)(finding affiant's self-serving statements in his affidavit insufficient to raise a genuine issue of material fact); *Morgan v. United States*, 07-1323, 2009 WL 928355 (W.D. La. Apr. 6, 2009) (unpub.).

## III. CONCLUSION

Because the evidence clearly establishes that Plaintiff was not injured as he claims, L'Auberge's motion for summary judgment [Doc. 10] is **GRANTED** and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**; and this case is dismissed in its entirety.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 27th day of June, 2014.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE