UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEXTER CELESTINE** | : | **DOCKET NO. 2:14-cv-0172** |
| **VS.** | : | **JUDGE WALTER** |
| **PNK LAKE CHARLES, LLC** | : | **MAGISTRATE JUDGE KAY** |

## REPORT & RECOMMENDATION

Before the court is the motion for sanctions, [doc. 29], filed by defendant PNK Lake Charles, LLC, d/b/a L'Auberge du Lac (hereafter, "defendant"). Defendant seeks an order requiring plaintiff Dexter Celestine (hereafter "plaintiff") to pay the defendant's reasonable attorney fees, expenses, and costs. Doc. 29, p. 1.

For the following reasons, **IT IS RECOMMENDED** that defendant's motion for sanctions be **GRANTED.**

### I. BACKGROUND

On January 10, 2013, plaintiff sued defendant in the 14th Judicial District Court in and for Calcasieu Parish, Louisiana. Doc. 1, att. 1, p. 1. His petition alleged that on January 27, 2012, he was playing a penny slot machine at L'Auberge du Lac, the casino owned and operated by defendant. *Id.* Plaintiff alleged that "as he was getting up from [the slot machine], suddenly and without warning the door of the slot machine fell open striking [plaintiff.]" *Id.* He claimed that he sustained injuries to his left elbow and arm. *Id.* at 2. The petition indicated that the damages sought did not exceed $50,000. *Id.* at 3; *see also* LA. CODE CIV. PROC. ANN. art. 1732.

At the time he filed his initial petition, plaintiff was represented by attorney Erin Alley. *See* doc. 1, att. 1, p. 3. Ms. Alley moved to withdrew from her representation on May 24, 2013. *See* doc. 5, att. 1. Plaintiff has been proceeding *pro se* since Ms. Alley's withdral.

On January 6, 2014, plaintiff sent a handwritten document to defendant entitled "summons or subpoena" in which plaintiff indicated that he is seeking "989 trillion dollar[s] + 989 trillion [in] bank drafts[,] [e]ach of the same with full bank interest to be paid each month[.]" Doc. 1, att. 4, p. 1. On February 4, 2014, defendant removed to this court pursuant to 28 U.S.C. § 1446(b)(3), on the theory that plaintiff's handwritten document constituted an "other paper" from which defendant was first able to discern that the amount in controversy exceeded $75,000.00. Doc. 1.

On May 19, 2014, defendant filed a motion for summary judgment. Doc. 10. In conjunction therewith, defendant submitted video surveillance footage taken at the casino on the night plaintiff claims he was injured. Doc. 26, p. 2. The footage depicts plaintiff playing the penny slot machine and also confirms that the slot machine's door did open at one point. *Id.* However, the video makes it abundantly clear that the door did not strike plaintiff's arm, and that plaintiff was not injured when the door opened. *Id.*

Between May 27, 2014, and June 16, 2014, plaintiff sent the court several handwritten letters complaining of the inadequacy of certain settlement offers defendant had allegedly made in 2012. *See* docs. 14–18. Each letter contains a statement that the offers fall far short of the "989 zillions" plaintiff believes his case to be worth.

On June 17, 2014, defendant filed a motion for sanctions based on the fact that plaintiff had been leaving harassing and threatening voicemails on defense counsel's personal cell phone. Doc. 19. Counsel submitted a compact disc containing the voicemails for the undersigned's

review. The voicemails consisted of various statements to the effect that counsel is a "snake" and that he will regret opposing plaintiff in this litigation. *See* doc 22.

A hearing was held on the motion for sanctions on June 26, 2014. Doc. 24. Plaintiff did not appear at the hearing, apparently because he had been admitted to the hospital the day before.[1] Docs. 22, 23. On June 27, 2014, the undersigned ordered plaintiff to cease any and all contact with defense counsel on his personal cell phone, and also issued an order to show cause why plaintiff should not be held in contempt of court for failure to appear at the sanctions hearing. Docs. 22, 23. The undersigned instructed plaintiff to provide the court with documentation confirming that he had, in fact, been hospitalized on the day in question. Doc. 23.

On the same day the undersigned issued the order to show cause (June 27, 2014), Judge Walter granted defendant's motion for summary judgment. Doc. 26. In doing so Judge Walter held that "the uncontradicted video surveillance clearly establishes that no accident or injury that forms the basis of this suit occurred." *Id.* at 4. Accordingly, Judge Walter dismissed the action, with prejudice. As a result, the undersigned terminated the contempt hearing described above. Doc. 28.

On July 1, 2014, after the case was dismissed, defendant filed the instant motion for sanctions, [doc. 29], as well as a bill of costs, [doc. 30]. In the motion for sanctions, defendant argues that plaintiff's lawsuit is patently frivolous and an award of attorney fees and costs is warranted. Doc. 29, p. 2. Defendant states that its attorney fees total $25,047.00, and its costs total $3,065.10. Doc. 29, att. 3, pp. 1–2.

---

[1] The day before the hearing, the court received a telephone call from plaintiff's sister advising that plaintiff was that day being admitted into the hospital and would not be present for the hearing. However, no motion for continuance was filed, nor did the court hear from plaintiff himself.

On July 9, 2014, plaintiff filed a response to defendant's motion for sanctions. Doc. 32. The response is exclusively directed to plaintiff's failure to appear at the sanctions hearing held on June 26, 2014. *Id.* at 2. Plaintiff makes no mention of defendant's arguments in the post-judgment motion for sanctions, nor does he acknowledge that his case has been dismissed.

On July 24, 2014, the clerk of court issued an itemized taxation of costs in favor of defendant pursuant to Federal Rule of Civil Procedure 54(d)(1). Doc. 33. For the reasons stated therein, the clerk awarded the defendant a total of $2,460.54. Plaintiff did not file a motion to review costs.

On August 28, 2014 plaintiff appeared for hearing on the matter under consideration. Pursuant to an order of this court dated August 7, 2014, plaintiff was to provide evidence of his financial condition including, but not be limited to, tax returns, bank statements, proof of income and payment of expenses for the past two years. While plaintiff produced little in the way of documentary evidence, his own testimony detailing his financial condition revealed he receives SSI benefits amounting to approximately seven hundred dollars per month and pays customary as well as monthly payments for living expenses.

## II. LAW & ANALYSIS

As a preliminary matter, the court notes that an award of attorney fees may be made after a case has been terminated. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395-96 (1990); *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008). Accordingly, the court may determine whether an award of attorney fees is appropriate despite the fact that this case has already been dismissed on summary judgment.

Defendant argues that the court may award fees under: (A) Fed. R. Civ. P. 11; (B) 28 U.S.C. § 1927; or (C) the court's inherent power. Doc. 29, p. 2. The court's inherent power to

impose sanctions for bad-faith conduct is not displaced by the Rule 11 or § 1927. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42–43 (1991). However, when conduct may be sanctioned under Rule 11 or § 1927, the court should rely on those provisions rather than its inherent power. *Id.* at 50. Accordingly, the court will first analyze the statutory bases for awarding fees.

### A. Rule 11

"The purpose of Rule 11 sanctions is to deter the filing of groundless and frivolous lawsuits." *Ingersoll v. West Delta Oil Co.*, 2003 WL 22883628 at *1 (E.D. La. 2003) (internal citations omitted). *Pro se* litigants may be subject to sanctions for violating Rule 11. *See* Fed. R. Civ. P. 11(c)(1); *Ritchey v. Ledoux*, 1996 WL 337221 at *2 (E.D. La. 1996) (citing *Warren v. Guelker*, 29 F.3d 1386 (9th Cir. 1994)). However, a party's *pro se* status and ability to pay should be considered in determining whether monetary sanctions are appropriate. *Ingersoll*, 2003 WL 22883628 at *1; *Warren* 29 F.3d at 1390. Furthermore, a *pro se* party generally should only be sanctioned "after successive attempts to press a wholly frivolous claim." *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448–49 (N.D. Tex. 1997) (quoting *Reinert v. O'Brien*, 805 F. Supp. 576, 579 (N.D. Ill. 1992).

Summary judgment has been granted on the basis that plaintiff's claims lack any factual support, which does constitute a violation of Rule 11(b)(3).[2] However, defendant is not entitled

---

[2] Rule 11(b)(3) provides as follows:

> *(b) Representations to the Court.* By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R .Civ. P. 11(b)(3).

to relief under Rule 11, because defendant failed to comply with the "safe harbor" provision of Rule 11(c)(2). The safe harbor provision states that:

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). **The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.** If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). When sanctions are sought to be opposed on motion and not the court's own initiative, the 21-day safe harbor provision is a mandatory prerequisite to filing. *See Elliot v. Tilton*, 64 F.3d. 213, 216 (5th Cir. 1995). Accordingly, in this case, defendant was required to serve its motion at least 21 days before filing it in order to give plaintiff a chance to withdraw his complaint. Defendant's failure to do so is fatal to its Rule 11 claim. *See Elliot*, 64 F.3d. at 216; *see also* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 11.22[1][c] (3d ed. 2011) (citations omitted) ("At the very latest, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case. Otherwise, the purpose of the safe harbor provision would be nullified.").

### B. 28 U.S.C. § 1927

Alternatively, defendant argues that sanctions may be awarded under 28 U.S.C. § 1927. The statute provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. As aptly summarized by one of our sister courts:

> The Fifth Circuit . . . counsels courts to impose these sanctions with caution. *Id.* There is a debate among circuits as to whether or not § 1927 may be applied to a *pro se* litigant. *Compare Wages v. IRS,* 915 F.2d 1230, 1235–36 (9th Cir.1990)

> (holding that § 1927 may be applied to *pro se* litigants), *with Sassower v. Field,* 973 F.2d 75, 80 (2d Cir. 1992) (holding that § 1927 should not apply to *pro se* litigants). Although the Fifth Circuit is undecided on this issue, it seems likely the Fifth Circuit will follow the *Sassower* holding since the Court has previously stated that § 1927 applies to attorneys rather than [their clients]. *Allen v. Travis,* 2007 WL 1989592 at *6 (N.D. Tex. July 10, 2007). Therefore, the Court finds that § 1927 is not the most appropriate method to sanction *pro se* litigants in this jurisdiction.

*Jones v. First Bank & Trust*, 2010 WL 2836150 at *8 (E.D. La. 2010).

This court agrees. Defendant suggests that the statute's use of the term "other person" makes it applicable to *pro se* parties, but offers no statutory or jurisprudential support for that argument.[3] Doc. 29, att. 2, pp. 5–6. Accordingly, § 1927 is not an appropriate basis for sanctions in this case

### C. Inherent Power

Despite the fact that relief is not available under either Rule 11 or § 1927, the court may nonetheless impose sanctions "pursuant to the court's inherent power to protect [its] integrity and prevent abuses of the judicial process." *Stevens v. Auto Club Family Ins. Co.* 2008 WL 7211909 at *2 (W.D. La. 2008) (quoting *Webb v. District of Columbia,* 146 F.2d 964, 971 (D.C.Cir.1998)). "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotation marks and citations omitted); *see also Sample v. Miles,* 239 Fed. App'x 14, 21 n. 20 (5th Cir. 2007); *Toon v. Wachenhunt Corrs. Corp.*, 250 F.3d 950, 952–54 (5th Cir. 2001). The inherent power to impose sanctions must be exercised with restraint and discretion. *See Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998).

---

[3] Defendant also appears to ignore the fact that the full phrase is "other person *admitted to conduct cases in any court of the United States or any territory thereof* . . . ." 28 U.S.C. § 1927. Read in the proper context, the language of the statute does not indicate that it is applicable to all *pro se* parties, as defendant suggests.

As noted in Judge Walter's opinion granting summary judgment, it is readily apparent that plaintiff's claims lacked a basis in fact. The undersigned is of the opinion that the plaintiff's actions were wanton and contrary to the integrity of the judicial system. The plaintiff's participation in this case consisted of five handwritten letters addressed to the court and those letters clearly demonstrate that plaintiff was prosecuting a baseless lawsuit for an absurd and unrealistic amount of damages. While these letters alone would not have caused the court considerable delay, it must be noted that the defendant's motion for summary judgment, its first motion for sanctions, and the motion now under consideration are clear evidence that the plaintiff's complaint needlessly expended a great deal of this court's time and resources.

It is evident from the record that plaintiff does not possess a familiarity with the intricacies and challenges inherent in prosecuting a lawsuit nor is he aware of the decorum with which litigants should ideally conduct themselves. While the court recognizes that it should not hold this plaintiff to the standards to which it typically holds attorneys well versed in the laws of procedure, the duty to protect the integrity of the judicial system is not one to be taken lightly. Therefore the court finds that sanctions are appropriate against the plaintiff.

Having found sanctions appropriate, however, we must also recognize that the plaintiff is not a wealthy man. Plaintiff's income consists primarily of the funds he receives from social security benefits amounting to approximately seven hundred dollars per month. Considering his monthly expenses for various utilities, the court notes that it would be inequitable to impose a high financial burden with respect to the sanctions it now chooses to levy. Therefore, this court recommends nominal damages in the amount of $100 be imposed. It is the hope of this court that paying these costs will be sufficient to deter meritless lawsuits by this and other potential plaintiffs in the future.

Accordingly, the undersigned recommends only nominal sanctions, but plaintiff is cautioned that future inappropriate filings or other misconduct in this court will not be tolerated. The court will feel less inclined toward leniency should plaintiff file another baseless complaint.

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons: **IT IS RECOMMENDED** that defendant's motion for sanctions, [doc. 29] be **GRANTED** and that judgment should be rendered against the plaintiff for payment of fees to defendant in the amount of $100**.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 17th day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE